FILED

2019 MAR 18  AM 8:42

CA

Eddie Valencia
17977 Lost Canyon Rd. #94
Santa Clarita, CA 91387
No Phone Number
DEFENDANT IN PRO PER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DISTRICT

Kevin Nee and Lora Nee,

          Plaintiff,

    vs.

Lina Maria Serrano; Jose Carlos
Serrano; Isabel Ripalda; Maria
Campozano aka Maria Paez; Alfredo f.
Paez; Marco Paez,

          Defendant(s)

CV19-1983-MWF(RAOx)

Case No.:

Case No.: 18CHUD01685
REMOVAL FROM LOS ANGELES
COUNTY SUPERIOR COURT

;

(TRIAL BY JURY DEMANDED)

PAID

MAR 18 2019

Clerk, US District Court
COURT 4612

## DEFENDANTS' NOTICE OF REMOVAL

1.      Defendant Eddie Valencia was forced to file a Federal Removal to stay an unlawful detainer summons filed against him.

2.      Defendant, alleging that he is being denied and cannot enforce his rights for equal protection of the laws as a Hispanic man under 28 U.S.C. §§1443, 1446, & 1447(b), he removed this case to the United States District Court for the Central District of San Diego, on grounds that the Defendant's federally secured due process rights guaranteed by the

*Notice of Removal of Unlawful Detainer Action, 28 U.S.C. §1332, 1441, 1443, & 1446*　　　　　　　－1－

First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the constitution, 42 U.S.C. §§§1981, 1982 and 1983 are being directly and systematically impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California.    The State of California, which facially and as applied by the California Superior Courts of Limited Jurisdiction presume illiteracy and ignorance on the part of Foreign surname Defendants, now file this notice of removal pursuant to 28 U.S.C. §§1332, 1441, 1443 and 1446, alleging as follows:

3.    Defendant contends that KEVIN NEE AND LORA NEE, never purchased the property and perpetrated constructive fraud by filing a false Trustee's Deed Upon Sale with the county recorder's office.

4.    Plaintiff filed an Unlawful Detainer Complaint against Defendant when there is no Landlord tenant agreement. (see Unlawful Detainer Exhibit 1)

5.    If it is true that the California Superior Court action seeks to recover *possession* of the Property, this does not mean that there is no amount in controversy or that "possession" of the property in question is not worth far more than the $75,000 minimum required for diversity jurisdiction.

6.    Happily, a "Comment: Federal Jurisdiction: Amount in Controversy in suits for Non-Monetary Remedies", from the ***California Law Review*** of 1958 appears to address all possible concerns in Defendant's favor:

> The test of jurisdictional amount has been called the "pecuniary result to either party." ***Ronzio v. Denver & R.G.W.R.R.***, 116 F.2d 604, 606 (10th Cir. 1940), relying on ***Smith v. Adams***, 130 U.S. 167, 175 (1889), and ***Elliott v. Empire Natural Gas Co.***, 4 F.2d 493, 497, (8th Cir. 1925).  Presumably, "result" therefore refers to the damage either party would sustain in the event of an adverse decree.  Limitations on the extent to which future damage may enter into calculation of the jurisdictional amount have therefore been suggested.  One limitation distinguishes immediate or direct results (which may be valued) from collateral results (which may not). ***Healy v. Ratta***, 292 U.S. 263, 268 (1934); ***Elliott v. Empire Natural Gas Co.***, 4 F.2d 493, 500 (8th Cir.

1925).  But what constitutes a "collateral" as opposed to a "direct" result is uncertain.   A similar difficulty arises from a distinction between "primary" and "secondary" rights as testing jurisdictional amount. (further citations omitted).

*California Law Review*, **Vol. 46, No. 4, (Oct. 1958), pp. 601-609.**

7.  In a case for unlawful detainer eviction such as the present case, the "pecuniary result to either party" should be measured not by the amount of money which Plaintiff seeks to extract from Defendant, but the value of the property of which Plaintiff seeks to deprive the Defendant of "*possession*."  Plaintiff's house at 17977 Lost Canyon Rd. #94, Santa Clarita, CA 91387 has a current market value, even in this depression, several times $75,000.00 in value.

8.  If Defendant is correct in assuming that Plaintiff conducted a wrongful foreclosure and now seeks therefore to commit a wrongful eviction, there is no scenario where it can be said that Plaintiff KEVIN NEE AND LORA NEE seeks a pecuniary result to the Defendants less than $75,000.00, probably closer to $191,000.00.

9.  The requirements of 28 U.S.C. §1332, 1441, and 1446 for removal have all been met and this Court should take note and sustain this Notice of Removal on grounds of the amount in controversy in excess of $75,000.

10. A completely separate and independent grounds for removal is offered by and under 28 U.S.C. §1443, and seems particularly relevant in that this is a case of the very bare minimum requirements of due process of law are ignored in this case.

11. The Supreme Court of the United States held in *Greenwood v. Peacock* that "Under *§ 1443(1)*, the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in

the state court. *Georgia* v. *Rachel, ante; Strauder* v. *West Virginia, 100 U.S. 303.*" 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944, 957 (1966).

12. In other words, Civil Rights Removal is an exception to the rule of the "well-pleaded complaint", whereby removal to federal court will be allowed only when the Plaintiff's complaint expressly discloses grounds for federal jurisdiction.

13. 28 U.S.C. §1443(1) is designed to permit removal by disadvantaged defendants from those in power who would oppress them for membership in or adherence to beliefs making them part of a "discrete insular, politically powerless minority". Defendant perspective of the state judicial and general legal environment created by a state legislatures is, uniquely empowered and by this statute protected as an avenue by which to assert and actually "defend" Constitutional rights which are systematically trampled in state courts, such as but not limited to the California Superior Courts of Limited Jurisdiction in the trial of unlawful detainer cases following non-judicial foreclosures.

14. Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making such analyses and comparisons have plainly erred in confusing the two forms of removal in their prior opinions, even in relationship to the present Defendants' prior removals, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, *McCullough v. Ligon*, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).

15. **Unlike the Defendant in *Neal v. Wilson***, Defendant Eddie Valencia can and will at trial "show[] that there is a state law preventing him from raising his federal claims in state court, [and] further [he] has [] shown the basis for an "equally firm prediction" that [h]e will be unable to protect h[is] federal rights in state court." 112 F.3d at 855.

16. WHEREFORE AND ACCORDINGLY, Defendant Eddie Valencia hereby files this Notice of Removal pursuant to 28 U.S.C. §§1443(1) and 1447(b). Congress in the Civil Rights Act of 1964 expressly authorized such renewed notices of removal authorized by Congress under 28 U.S.C.§1447(d) which states that:

> **(d)** An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section **1443** of this title shall be reviewable by appeal or otherwise.

17. This Notice of Removal is timely in that the events, the "order or other paper from which it may first be ascertained that the case is one which is or has become removable" (28 U.S.C. §1446(b)) which triggered the present civil rights removal.

18. The California Superior Courts of Limited Jurisdiction, especially those in Los Angeles County, operate based on an institutionalized predetermination of the outcome reflect a pervasive state statutory program expressly designed to deny Foreign-surname Defendants (and all similarly situated parties) their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property, which rights are guaranteed by the First, Fifth, Ninth, and Fourteenth Amendments to the Constitution, as well as by the Article I guarantee against state "impairment of the obligations of contract."

19. The Los Angeles County Sheriff's Department Notices are always in English, never bilingual, and so do not acknowledge the large Ethnic/Diversity-cultured and Hispanic speaking people of Los Angeles County.

20. The Non-Judicial Mortgage Foreclosure and Quasi-Judicial (but essentially administrative, automatic, ministerially applied) Unlawful Detainer/Forcible

Eviction Laws of the State of California are facially discriminatory in that they do not require translations or bi-lingual texts of contracts or notices.

21. While Defendant Eddie Valencia generally subscribe to the proposition that the civil rights laws should be color-blind and race-neutral, they do allege and will prove by a preponderance of the evidence that there is an official program and pattern of linguistic and therefore racial discrimination in the California Superior Courts in Los Angeles County and elsewhere against Hispanic-phone speakers of every origin, including natural, native born citizens of the United States, that the discrimination in California violates the guarantees to due process found in the Fifth and Fourteenth Amendments.

22. Defendants further allege that the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§1981-1982, so that Defendant has a right to remove on the basis that there is a pervasive state statutory program which both on its face and as applied discriminates unfairly against Ethnic-Surname Americans (all of whom are presumed to be illiterate in the English language and therefore ignorant of their rights) and in so doing directly violates Federal U.S. laws guaranteeing equality of access to the courts, ability to present evidence, and to make and enforce contracts for the purpose of acquiring and maintaining ownership of property in particular.

23. The California Superior Courts, as a matter of expressly stated California statutory law and the customs, practices, and policies having the force of law interpreting and construing the same, never asked or required original Plaintiff to produce evidence or prove actual standing by assignment, power of attorney, deed, or transfer from any person ever in privity of contract with Eddie Valencia Shock, the original purchasers of the property, this Defendant was never given notice or opportunity to present evidence that they were never in privity with any party in privity with DEUTSCHE BANK NATIONAL TRUST COMPANY AS

TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST SERIES 2005-OPT2, ASSET BACKED PASS-THROUGH CERTIFICATES, SERIES 2005-OPT2 who allegedly sold the property to Plaintiff KEVIN NEE AND LORA NEE, National Association.

24. Defendant contends that KEVIN NEE AND LORA NEE never purchased Defendant's property as alleged in the Unlawful Detainer where by a fraudulent 'GRANT DEED" was recorded with the Los Angeles County Recorder's Office on 702/2018 with instrument number 20180659035. By Premium Title of California, Inc., Bednide Durandisse, Contract Management Coordinator on behalf of Deutsche Bank National Trust Company. ( Exhibit "2")

25. A "SUBSTITUTION OF TRUSTEE" not in compliance with California Code of Civil Procedure §2015.5 was recorded with the Los Angeles County Recorder's Office on 9/19/2011 with instrument number 20111268277. Signed by Yvette Washington as Assistant Secretary for Deutsche Bank National Trust Company, and notarized by Brenda L. Frazie. (Exhibit "3") attached. This document is also in violation of and not in compliance with California Code of Civil Procedure §2015.5; (Kulshrestha v. First Union Commercial Corp. (2004) 33 Cal.4th 601, 616, fn. 11 [15 Cal.Rptr.3d 793, 93 P.3d 386].) We now decide if declarations signed under penalty of perjury outside this state satisfy section 2015.5, and are admissible in summary judgment and other authorized proceedings, even though the contents are not certified as true "under the laws of the State of California." The answer to this narrow question is no.

26. These California statutes and the state-wide custom, practice and policy REINFORCES AND SUSTAINS, rather than undermines, the use and invocation of of 28 U.S.C. §1443(1) removal under the above-cited language of *Greenwood v. Peacock* relating to the Second Prong of the Two Prong Test of *Johnson v. Mississippi*, namely that "Second, it must appear, in accordance with the

provisions of §1443(1), that the removal Petitioner is "denied or cannot enforce" the specified federal rights in the courts of the state."

27. Accordingly, even if the federal judicial policy of automatic and non-discretionary racial discrimination in the enforcement of civil rights removal (28 U.S.C. §1443) and equal access to the courts to enforce contract and protect property (42 U.S.C. §§1981-1982) as invoked and applied to this day by District and Appellate Judges in the Ninth Circuit violates equal protection and must not be allowed to survive strict scrutiny because Supreme Court jurisprudence concerning equal protection has moved forward beyond "affirmative action" towards true color-blind application and enforcement of federal civil rights law and doctrine, Defendants in this case are entitled to remove because they are victims of ethnic profiling based on surnames and presumed linguistic incompetence.

28. "But for" the California *de facto* and *de jure* policies of discrimination against Hispanic surname individuals, Eddie Valencia alleges that he was not served with process and that applicable California laws allow no objections to due process complaints of this kind, and by their exclusive use of the English language, create an environment in which denial of notice to Hispanics is not only allowed but presumed and in fact, fostered and encouraged, especially by the Sheriff's Department and Courts of Limited Jurisdiction in Los Angeles County.

29. Even so, Defendants also agree and submit with others that judicial doctrines, formulations, or policies which alter plain statutory language, as well as any other species of law, should be subjected to the same exacting test whenever decisions are made on race-based schemes categorizing people as favored or disfavored according to their skin color.

30. It is time to break the racial lock on Civil Rights Removal, one of the most important civil rights statutes ever enacted, and on two closely related statutes, 42

U.S.C. §§1981 & 1982, which retain archaic, Reconstruction era racial language. 28 U.S.C. §1443 states as follows:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

31. On its face, this statute is color-blind, makes no reference to race, and is absolute. In practical application, the Federal Courts have rendered this statute all but nugatory.

32. Anyone who wishes to exercise civil rights removal in the United States today must be prepared to fight to overturn one of the oddest relics of Jim Crow segregation imaginable: Civil Rights actions are still, in large part, said to be available only to cure RACIAL discrimination, and all other kinds of civil rights abuse are largely left immune, literally immunized, and untouched by the Constitution, unlimited by any constraints imposed by fundamental rights or human dignity.

33. Defendants herein submit that the proper purpose of civil rights removal, exposed by the statutory language, is to provide a federal forum to address systematic denials of equal access to the courts and denial of due process.

34. It should be available to protect and prevent the creation of statutory classes, must ask the courts to analyze the 44 year old judicial construction and application of Civil Rights Removal (28 U.S.C. §§1443(1), 1447(d)) by application of the "strict scrutiny" test applicable all race-based schemes (even those called

"benign") and give that statute the full breadth and strength implicit in the plain language enacted by Congress. 28 U.S.C. §1443(1), a statute tracing its history back more than a hundred and thirty five years, as written, adopted, and codified by Congress into the positive law of the United States, ought to be one of the most powerful engines of civil rights enforcement under the constitution.

35. The language of 28 U.S.C. §1443(1) is inclusive, rather than exclusive, but it the United States Supreme Court gave it an unconstitutionally (racially restricted as well as procedurally and factually) narrow construction in 1966, in the paired cases of *Rachel v. Georgia* and *Greenwood v. Peacock*, stating that the statute was only available where civil rights were denied as a matter of racial discrimination.

36. From this narrow vantage point---and from this statement that only defendants alleging cases of racial discrimination may remove the court has never retreated, last ruling on 28 U.S.C. §1443(1) in *Johnson v. Mississippi* in 1975, and lower courts have unquestioningly followed.

## RELIEF REQUESTED: MAKE CIVIL RIGHTS REMOVAL RACIALLY NEUTRAL AND COMPLETELY COLORBLIND

37. Removing Defendants submit, and ask this court to find, hold, and unequivocally rule and issue its mandate that: the racially unequal application of 28 U.S.C. §1443(1) is an affront to all recent U.S. Supreme Court Jurisprudence since *Regents of the UC v. Bakke,* 438 U.S. 265 (1978), *City of Richmond v. Croson,* 488 U.S. 469 (1989), and *Adarand v. Pena*, 515 U.S. 520, 527-8 (1995).

38. Although it happens that Defendant in this case IS the victim of official language-based ethnic bias, which is racial-discrimination within the meaning of the civil rights laws of the United States, even the absolute elimination of such discrimination will not solve all of Defendants' problems: they will still be (most likely) evicted from their homes by unlawful procedures even if they WERE

provided with meaningful notice and opportunity to be heard and object (which in this case, they definitely were not)

39. It is specifically time to decide that all United States District courts should be permitted to allow civil rights removal so that Defendant Eddie Valencia, and all similarly situated defendants in California Unlawful Detainer cases (or any other state statutory scheme in which fundamental constitutional rights are routinely and systematically trampled or even obliterated, such as foreclosure and eviction proceedings) will be able to put on evidence.

40. It would appear from the published cases examined by Defendant herein that ONLY the Defendants in *Rachel v. Georgia* have ever been allowed to do so, and that happened in 1966.    To strike the race-based elements of Civil Rights Removal is only to follow the plain language of the statute and give Congressional language its plain broad meaning.

41. Defendants herein are satisfied with and does not request in any close to a complete reversal of *Georgia v. Rachel*, *Greenwood v. Peacock*, or *Johnson v. Mississippi*, but only the excision of the racial criteria as unconstitutional, even while alleging that they are in fact the victims of racial discriminations who accordingly do have standing to remove under the law as currently construed.

42. Defendant herein submit that he has alleged and can prove by clear and convincing evidence all the non-racial or racially neutral criteria imposed on the invocation of 28 U.S.C. §§1443(1) and 1447(d) by the U.S. Supreme Court in *Greenwood v. Peacock*, *Georgia v. Rachel*, and *Johnson v. Mississippi*.

43. In fact, Defendant herein insists that his case is and ought to be removable precisely because of the direct, in fact the perfectly aligned, factual fit between the evidence concerning California Unlawful Detainer statute and Superior Court statistics and the above-quoted language of *Greenwood v. Peacock* that:

"Under *§ 1443(1)*, the vindication of the defendant's federal rights is left

to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court. *Georgia* v. *Rachel, ante; Strauder v. West Virginia, 100 U.S. 303.*" 384 U.S. 808, 828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944, 957 (1966).

44. The condition of automatic and systematic denial of rights by reason of the operation of pervasive state and (as construed) Federal law does in fact apply to all proceedings.

45. The California Unlawful Detainer and Non-Judicial Foreclosure statutes, together with statutes such as Civil Code §1714.10 and the Anti-Slapp Statute (§425.16) were enacted, and not at all uniquely, with express discriminatory intent and effect creating disparate classes of litigants more draconian than most, are designed to obliterate the following fundamental Constitutional freedoms (either included as limitations on state power in the original constitution or incorporated by the Fourteenth Amendment to the states):

46. (1) freedom from laws tending to establish forms and cannons of business practice in violation of the protections of the common law enshrined in Article I, the First, Fifth, Seventh, Ninth, and Fourteenth Amendments, as well as 42 U.S.C. §§1981-1982, (2) freedom to engage in the free assertion of contractual rights and defenses, freedom from statutes impairing the obligations of contract, (3) freedom to petition for redress of grievances, (4) freedom from deprivation of private property for public use without just compensation, (5) freedom from deprivation of life, liberty, or property without due process of law, (6) the right to jury trial in all cases where the matter in controversy exceeds $25.00, (7) freedom to exercise all rights retained by the people and not specifically limited by the constitution, (8) the right to be free from involuntary servitude, (9) the right to equal protection of the laws.

47. The (1960s, Warren Court) U.S. Supreme Court-imposed standard of "Civil

Rights Removal" as a form of positive discrimination or "affirmative action" itself is reprehensibly antiquated and overruled and outlawed by all of the recent civil rights jurisprudence of the Supreme Court, is nothing short of reprehensible.

48. And even so, Defendant Eddie Valencia herein have raised a direct issue of statutes based on race <u>within the standards</u> of ***Johnson v. Mississippi***, as quoted above:

"First it must appear that the right allegedly denied arises under federal law providing for specific civil rights stated in terms of racial equality."

49. Accordingly, here there is a direct issue derived from a statute framed in terms of racial equality, in that Defendants herein have invoked the protections of 42 U.S.C. §§1981-1982, which do frame equality expressly in terms of racial equality.

50. As noted, the persistence of such federal judicial policy in the face of "strict scrutiny of all race-based schemes, even ones called "benign"" itself raising issues on which this court must rule in the present appeal) which must be stricken down, suggests that California Superior Court Judges in the Courts of limited jurisdiction believe that the right of a nominal purchaser to evict the prior owner from possession after a non-judicial foreclosure takes precedence over the fundamental civil and human rights guaranteed in the United States and California constitutions.

51. Defendants Eddie Valencia, submits that it is nothing short of judicially abusive conduct that he has been denied of his right to present evidence showing (1) that the outcome of all Unlawful Detainer cases following non-judicial foreclosures is uniformly fixed and predetermined patterns, required simultaneously by California statutes, court rules and practices having the force or effect of law relating to California mortgage lending, collection, and enforcement, as well as other official customs, practices, and policies of the state of California

relating to credit extension and enforcement, which customs, practices, and polices have the force and effect of written law, (2) that the statutes fixing and predetermining these non-judicial and judicial outcomes constitute an infringement of the rights to due process, equal protection, and freedom of contract under 42 U.S.C. § 1981 as well as the rights to own and benefit from the lawful use of property under 42 U.S.C. §1982 (if these statutes can possibly be construed in a racially neutral manner, which Defendant contends is not only possible but mandatory, necessary, and required by all modern civil rights law and jurisprudence), (3) that the statutes, court rules, and state customs, practices, and policies relating to uniformly arbitrary and capricious conduct of non-judicial foreclosure and judicial eviction proceedings concerning the state-assisted deprivation disposition of private property, both movable and personal, as well as the wealth, the lives, and intangible rights "of the people to be secure in their homes and papers" uniformly deny due process of law.

52. Indeed, California Superior Court Judges and Attorneys in Unlawful Detainer cases enjoy and exercise, as a matter of statute and official state policies such as hopelessly vague statutes such as those creating "Deeds of Trust" which are neither genuine deeds nor trusts, absolutely unbridled and hence utterly unconstitutional discretion to arbitrary and capricious judicial (and private attorney) action and decisions.

53. The sum total effect of all unlawful detainer proceedings in California Superior Court following non-judicial foreclosures is to tend uniformly towards the utter suppression of constitutional rights to private contractual formation and equality of access to the Courts, to acquire and maintain ownership of private property, and individual freedom to offer and give evidence under both 42 U.S.C. Sections 1981 and 1982.

54. Likewise, the statutory racial language of 42 U.S.C. §§1981 and 1982

themselves must be subjected to strict scrutiny and this court should order it stricken, because there can be no compelling governmental interest in maintaining that:

Section 1981:
"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens,"
and
Section 1982:
"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

55. When the consequence of these laws being so written, in archaic, Reconstruction-era language with its exclusively (post-Abolition of Slavery) Race-Related concerns, is to allow states to create, and to allow the Courts to uphold and enforce non-racial categories of disfavored persons, such as Defendant Eddie Valencia in California Unlawful Detainer/Forcible Eviction cases, who must always lose, there is a great need for removal to Federal Court to preserve these liberties.

56. Racial discrimination in the enforcement of civil rights is counter to all legitimate purposes of government, and makes a mockery of all American values. When people are reduced to conditions of involuntary servitude by private economic manipulation and judicial strategems implemented in a matter subservient to those private special interests, the people are reduced to slavery. It matters little that this is done by the stroke of judge's and lawyers' pens and word processors rather by than forcible capture and *de jure* enslavement, the philosophy of equality and the existence of a free society are equally imperiled.

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

57. Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

58. Defendant Eddie Valencia  particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in *Dombrowski v. Pfister*, *Younger v. Harris*, and *Mitchum v. Foster*, alongside the Civil Rights Removal doctrine articulated in *Greenwood v. Peacock* and *Rachel v. Georgia*, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

**§ 2283.  Stay of State court proceedings:**

**A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.**

59. *Dombrowski v. Pfister*, 380 U.S. 479; 85 S.Ct. 1116; 14 L.Ed.2d 22 (1965) is one of a trio of cases, including *Younger v. Harris*, 401 U.S. 37; 91 S. Ct. 746 (the only one of these closely related cases which this Court cited in June 2010 regarding other Defendants' in similar removal); 27 L.Ed.2d 669 (1971), culminating in *Mitchum v. Foster*, 407 U.S. 225; 92 S.Ct. 2151; 32 L.Ed.2d 705 (1972), which specifically addresses the relationship between removals of all kinds (though not specifically civil rights removals) and civil rights actions for injunctions or stays against state court proceedings under 42 U.S.C. §§1983, 1988 and the anti-injunction act:

It is clear from the legislative debates surrounding passage of § 1983's predecessor that the Act was intended to enforce the provisions of the Fourteenth Amendment "against State action, . . . whether that action be

executive, legislative, or *judicial." Ex parte Virginia*, 100 U.S. 339, 346 (emphasis supplied). Proponents of the legislation noted that state courts were being used to harass and injure individuals, either because the state courts were powerless to stop deprivations or were in league with those who were bent upon abrogation of federally protected rights.

As Representative Lowe stated, the **"records of the [state] tribunals are searched in vain for evidence of effective redress [of federally secured rights] . . . . What less than this [the Civil Rights Act of 1871] will afford an adequate remedy? The Federal Government cannot serve a writ of mandamus upon State Executives or upon State courts to compel them to protect the rights, privileges and immunities of citizens . . . .**

**The case has arisen . . . when the Federal Government must resort to its own agencies to carry its own authority into execution. Hence this bill throws open the doors of the United States courts to those whose rights under the Constitution are denied or impaired."** Cong. Globe, 42d Cong., 1st Sess., 374-376 (1871). This view was echoed by Senator Osborn: "If the State courts had proven themselves competent to suppress the local disorders, or to maintain law and order, we should not have been called upon to legislate . . . . We are driven by existing facts to provide for the several states in the South what they have been unable to fully provide for themselves; *i. e.*, the full and complete administration of justice in the courts. And the courts with reference to which we legislate must be the United States courts." *Id.*, at 653. And Representative Perry concluded:

"Sheriffs, having eyes to see, see not; judges, having ears to hear, hear not; witnesses conceal the truth or falsify it; grand and petit juries act as if they might be accomplices . . . . All the apparatus and machinery of civil government, all the processes of justice, skulk away as if government and justice were crimes and feared detection. Among the most dangerous things an injured party can do is to appeal to justice." *Id.*, at App. 78.

Those who opposed the Act of 1871 clearly recognized that the proponents were extending federal power in an attempt to remedy the state courts' failure to secure federal rights. The debate was not about whether the predecessor of § 1983 extended to actions of state courts, but whether this innovation was necessary or desirable.

This legislative history makes evident that Congress clearly conceived that it was altering the relationship between the States and the Nation with respect to the protection of federally created rights; it was concerned that state instrumentalities could not protect those rights; it realized that state

officers might, in fact, be antipathetic to the vindication of those rights; and it believed that these failings extended to the state courts.

Section 1983 was thus a product of a vast transformation from the concepts of federalism that had prevailed in the late 18th century when the anti-injunction statute was enacted. The very purpose of § 1983 was to interpose the federal courts between the States and the people, as guardians of the people's federal rights -- to protect the people from unconstitutional action under color of state law, "whether that action be executive, legislative, or judicial." *Ex parte Virginia*, 100 U.S., at 346. In carrying out that purpose, Congress plainly authorized the federal courts to issue injunctions in § 1983 actions, by expressly authorizing a "suit in equity" as one of the means of redress. And this Court long ago recognized that federal injunctive relief against a state court proceeding can in some circumstances be essential to prevent great, immediate, and irreparable loss of a person's constitutional rights. *Ex parte Young*, 209 U.S. 123; cf. *Truax v. Raich*, 239 U.S. 33; *Dombrowski* v. *Pfister*, 380 U.S. 479. **For these reasons we conclude that, under the criteria established in our previous decisions construing the anti-injunction statute, § 1983 is an Act of Congress that falls within the "expressly authorized" exception of that law.**

407 U.S. 240-242, 92 S.Ct. 2161-2162, 32 L.Ed.2d 716-718 (**bold** added).

60. By its exhaustive review of the legislative history of 42 U.S.C. §1983, *Mitchum* concludes unequivocally that civil rights injunctions against state court proceedings ARE "expressly authorized by Act of Congress" (namely §1983) and are therefore permitted under the anti-injunction act. *Dombrowski* and *Mitchum* both upheld Federal Court injunctions against state court proceedings on civil rights grounds, but all three cases emphasized the fact-specific inquiry which a District Court should make regarding the entry of an injunction against state court proceedings.

## <u>SPECIFIC CALIFORNIA STATUTORY IMPAIRMENTS OF THE RIGHTS TO MAKE AND ENFORCE CONTRACTS</u>

61. **For example, the Superior Courts of the State of California do not require any proof of ownership or title to property prior to commencing eviction proceedings, nor of any proof of lawful compliance with California law regarding the structure of non-judicial foreclosures and the recording of sales and transactions relating to foreclosure**, so that it is possible for tortfeasors such as KEVIN NEE AND LORA NEE, Deutsche Bank National Trust Company, and others similarly situated to hide or disguise transactions by insertion of certain errors (such as forged signatures) and omission of other critical evidence, such as sales prices or appraisals, which permits fraudulent transactions to take place.

62. Another example of the completely farcial nature of the non-judicial foreclosure proceedings which take place in California routinely as a matter of state and local custom, practice, and policy having the force of law is the fact that the Judges do not uphold the California Rules of Civil Procedure section 367 (Real Party In Interest). Every action must be prosecuted in the name of the real party in interest, except as otherwise provided by statute.   See In re Foreclosure Cases, 521 F. Supp. 2d 650, 653 (S.D. Ohio 2007) (stating that, "[t]o show standing in a foreclosure action, . . . the plaintiff must show that it is the holder of the note and the mortgage at the time the complaint was filed [and] . . . that the holder of the note and mortgage is harmed, usually by not having received payments on the note")

63. The eviction proceedings in this case were conducted in secrecy and in stealth behind closed doors with no notice or other elementary due process of law in such a manner that Eddie Valencia were defrauded of the implied covenant of good faith and fair dealing, which was so extreme and outrageous as to constitute actual or constructive fraud on the part of KEVIN NEE AND LORA NEE.

64. Defendant is accordingly entitled to remove pursuant to 28 U.S.C. §1443 which provides that defendant may remove civil actions commenced in any state court where Defendant is prosecuted pursuant to a law all of which deny equal protection of the laws as well as substantive due process of law under the First, Fifth, Ninth, and Fourteenth Amendments.

65. Venue is proper in the Central District of California, because (a) original Defendant resides within Los Angeles County in the Southern, Division of the Central District of California and this case is removed from the Superior Court of the State of California in and for Los Angeles County, California, which exists within the territorial boundaries of the Southern Division of the Central District and finally because all or a substantial part of the events or omissions giving rise to the claim occurred within the Southern Division of the Central District of California. Plaintiff is a citizen of New York. Defendant will promptly file a copy of this notice of removal as a "Notice of Notice of Removal" with the clerk of the state court in the Superior Court for the State of California in and for Los Angeles County where the action was originally filed and has been pending.

66. For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Los Angeles County, California, to the United States District Court for the Central District of California, (Los Angeles County) Division, is proper pursuant to all relevant statutes and law.

The California Judges Bench Guide states;

> **(8) *Title is at issue*.** The **litigation is between a plaintiff-lender and a defendant-homeowner**, rather than between landlord and tenant, and **title is at issue.** *Mehr v Superior Court (1983) 139 CA3d 1044, 1049, 189 CR 138* (because of summary nature of unlawful detainer proceedings, it is unsuitable forum to try complicated ownership issues); *Asuncion v Superior Court* (1980) 108 CA3d 141, 145-146, 166 CR 306 (**eviction of**

**homeowners following foreclosure raises due process issues and must be heard in superior court)".**

Plaintiff should have brought this issue to this court first and never to the state court.

Respectfully submitted,

Monday, March 16, 2019

By: _____

Eddie Valencia,
*In propia persona*

## CERTIFICATE OF FILING AND SERVICE

**I the undersigned Defendant do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Removal with the Los Angeles County Superior Court Clerk for the State of California and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:**

**Clerk of Court**
**Superior Court of California, Los Angeles County**
**Chatsworth Courthouse**
**9425 Penfield Avenue**
**Chatsworth, CA 91311**

**And**

**Chris Evans**
**915 Wilshire Blvd., Suite 1650**
**Los Angeles, CA 90017**
**(213337-0050**

Respectfully Signed and Submitted,

Monday, March 18, 2019

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
    Eddie Valencia,
    *in propia persona*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT  1

## SUMMONS AND COMPLAINT

FILED
Superior Court of California
County of Los Angeles

11/20/2018

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ Lusy Galustyan _____ Deputy

1  KIMBALL, TIREY & ST. JOHN, LLP
   VALERIE SPARKS ESQ. (State Bar No. 313312)
2  CHRIS EVANS ESQ. (State Bar No. 202135)
   SERENA YUN ESQ. (State Bar No. 310841)
3  915 Wilshire Boulevard, Suite 1650
   Los Angeles, CA 90017
4  (213) 337-0050
   FAX (213) 337-0080
5  Attorney for Plaintiff

6

7

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11       COUNTY OF LOS ANGELES, CHATSWORTH JUDICIAL DISTRICT

12

13

14  KEVIN NEE AND LORA NEE                )   Case No.: 18CHUD01658
                                          )
15                    Plaintiff,          )
                                          )   1st AMENDED COMPLAINT FOR UNLAWFUL
16       vs.                              )   DETAINER
                                          )   ACTION BASED ON CODE OF CIVIL
17  LINA MARIA SERRANO; JOSE CARLOS       )   PROCEDURE SECTION 1161a
    SERRANO; ISABEL RIPALDA; MARIA        )
18  CAMPOZANO AKA MARIA PAEZ; ALFREDO     )
    F. PAEZ; MARCO PAEZ                   )
19                                        )
                                          )
20                    Defendant(s)        )   (DEMAND OF COMPLAINT
                                          )   DOES NOT EXCEED $10,000.00)
21  DOES 1 TO 10 INCLUSIVE

22

23       Plaintiff alleges:

24       1. This Court is the proper court for the trial of this action because:

25       a. Each Defendant resides and/or conducts business in the area served by this Court;

26       b. The property which is the subject of this action, 17977 Lost Canyon Road #94, Canyon

27  Country, CA 91387 ("the property"), is located in the area served by this Court; and;

28

                                          1

c. The amount of damages claimed in this action does not exceed $10,000.

2. Plaintiff does not know the true names of the Defendants designated as "DOES 1 TO 10"; however, Plaintiff is informed, believes and alleges, that at all relevant times mentioned in this Complaint, the named Defendants and DOES 1 TO 10 have been in possession of the property.

3. Plaintiff is an Individual.

4. Plaintiff is the owner and entitled to possession of the property.

5. On or about June 18, 2018, Plaintiff became the owner of the property by purchasing said property in a Trustee's Sale following foreclosure proceedings. Said foreclosure sale and all notices preceding said foreclosure were done in compliance with California Civil Code §2924 et. seq. and title under said sale has been duly perfected. A true and correct copy of the Trustee's Deed upon sale is attached hereto as EXHIBIT 1.

6. No landlord/tenant relationship exists between the Plaintiff and Defendants.

7. For the period from, to present, Defendants occupied the property without the consent or authorization of the Plaintiff. Defendants title, if any, to the property, that existed prior to, was extinguished by said foreclosure and Trustee's Sale.

8. On September 6, 2018, Plaintiff caused to be served on the Defendants a written notice in compliance with the Code of Civil Procedure, 1161 et. seq., requiring and demanding that Defendants quit and deliver up possession of the property to Plaintiff within three (3) days after the service of the notice on them. A true and correct copy of the Notice to Quit is attached hereto as EXHIBIT 2. The notice was served on September 6, 2018 in compliance with Code of Civil Procedure Section 1162 and as shown in the Proof of Service attached hereto as EXHIBIT 3. Said notice expired on September 10, 2018, but Defendants failed and refused to quit and deliver up possession of the property until present.

9. More than three (3) days have elapsed since the service of the notice and Defendant(s) has/have neglected and refused, and still neglect and refuse, to vacate and deliver up possession of the property to Plaintiff.

10. Defendants holds over and continue in possession of the property willfully, intentionally and deliberately without permission or consent of Plaintiff, and Plaintiff is entitled to immediate possession of the property.

2

WHEREFORE, Plaintiff prays against Defendant(s), and each of them as follows:

1. For restitution and possession of the property;

2. For Plaintiff's costs of suit;

3. For such other and further relief as the Court may deem proper.

DATED:  November 7, 2018

_____

KIMBALL, TIREY & ST. JOHN
Attorneys for Plaintiff

By:

3

## VERIFICATION

I, Michael Friedman, declare as follows:

I am the Property Manager for KEVIN NEE AND LORA NEE the Plaintiff in this action, and I am authorized to make this verification on their behalf.

I know the contents of the foregoing Complaint paragraphs 1a-4, 6, 9 because of my own personal knowledge that those matters are true.

I know the contents of the foregoing Complaint paragraphs 5, 7, 8, 10 based on my information and belief that those matters are true.

I verify the facts as stated therein.

I am making this verification on behalf of KEVIN NEE AND LORA NEE because as the Property Manager I am personally aware of the facts of this case, something the Plaintiff/Owner is not. It is part of my role/duties as Property Manager to be aware of the day to day operations and facts surrounding each case and tenancy.

Executed on November 16, 2018, at Los Angeles, California. I declare under penalty of perjury that the foregoing is true and correct.

VERIFICATION

This page is part of your document - DO NOT DISCARD



## 20180659035

Pages: 0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

07/02/18 AT 08:00AM

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 414.15 |
| OTHER: | 0.00 |
| PAID: | 442.15 |



LEADSHEET



201807020160007

00015436856

009188304

SEQ:
05

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

R38
EXHIBIT


RECORDING REQUESTED BY:
Premium Title of California, Inc.
WHEN RECORDED, MAIL TAX STATEMENT TO:
Kevin Nee and Lora Nee
2115 Mandeville Cyn
Los Angeles, CA 90049



07/02/2018

*20180659035*

2

ASSESSOR'S PARCEL NO.: 2841-043-160

ESCROW NO.: CE1302-CA-544823

## GRANT DEED

THIS SPACE FOR RECORDER'S USE ONLY.

THE UNDERSIGNED GRANTOR(S) DECLARE THAT THE DOCUMENTARY TRANSFER TAX IS: $414.15
County, ____ $0.00 ____ City

__X__ computed on full value of property conveyed, or
____ computed on full value less value of liens or encumbrances remaining thereon at the time of sale.
____ unincorporated area
__X__ City of Fair Oaks Ranch

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates Series 2005-OPT2

HEREBY GRANT(S) to: Kevin Nee and Lora Nee, Husband and wife, As Joint Tenants

All that real property situated in the City of Fair Oaks Ranch, County of Los Angeles, State of CA, described as: SEE EXHIBIT "ONE" ATTACHED FOR COMPLETE LEGAL DESCRIPTION

Commonly Known as: 17977 Lost Canyon Road, Unit 94, Fair Oaks Ranch, CA 91387

Dated: JUNE 18, 2018

STATE OF ____ Florida ____
COUNTY OF ____ Palm Beach ____
On ____ JUNE 18, ____ 2018 before me,
____ Rafael Gonzalez ____
Notary Public, personally appeared ____

BEDNIDE DURANDISSE / Contract Management Coordinator
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Personally Known ✓ OR Produced Identification ____

Type of Identification Produced ____

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature ____ Rafael Gonzalez ____
(Notary Public)

Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005-OPT2,By
OCWEN Loan Servicing, LLC as Attorney in Fact

BEDNIDE DURANDISSE
Contract Management Coordinator

POA recorded simultaneously herewith.

(Seal)

Notary Public State of Florida
RAFAEL GONZALEZ
My Commission GG 046089
Expires 11/08/2020

MAIL TAX STATEMENTS AS DIRECTED ABOVE

5B

# EXHIBIT ONE

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1/24TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO. 53795, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1279 PAGES 52 TO 57 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DEFINED AS "COMMON AREA" IN THE CONDOMINIUM PLAN DESIGNATED AS 'DRE PHASE 6' RECORDED APRIL19, 2004 AS INSTRUMENT NO. 04-940358 OFFICIAL RECORDS.

EXCEPT THEREFROM THE FOLLOWING: ALL IN AND TO ALL OIL, GAS, PETROLEUM AND OTHER MINERAL OR HYDROCARBON SUBSTANCES IN AND UNDER THAT PORTION OF SAID LAND LYING BELOW A DEPTH OF 500 FEET PERPENDICULAR TO EACH POINT ON ANY SURFACE OF SAID LAND WITHOUT THE RIGHT TO ENTER OR OTHERWISE USE THE SURFACE OF SAID LAND OR THE SUBSURFACE THEREOF TO SAID DEPTH OF 500 FEET, BUT RESERVING THE RIGHT TO DRILL INTO AND THROUGH THAT PORTION OF THE SUBSURFACE OF SAID LAND LYING BELOW SAID DEPTH OF 500 FEET FOR THE PURPOSE OF EXPLORING, PROSPECTING, EXTRACTING AND REMOVING ANY AND ALL OF THE ABOVE-MENTIONED SUBSTANCE FROM A SURFACE LOCATION ON LANDS OTHER THAN THE LAND HEREIN DESCRIBED.

ALSO EXCEPT THEREFROM UNITS 88 TO 111 INCLUSIVE AND ASSOCIATION PROPERTY AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

(B) UNIT 94, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 2: (2ND FLOOR UNITS)

AN EXCLUSIVE EASEMENT FOR BALCONY PURPOSES OVER THOSE AREAS NUMBERED 894 AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR GARAGE PURPOSES OVER THOSE AREAS NUMBERED 94/G2 AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 4:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE DRIVES, STREETS AND COMMON AREA OF THE ABOVE-REFERENCED TRACT MAP, TRACT 53795 IN THE COUNTY OF LOS ANGELES; STATE OF CALIFORNIA FILED IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, CALIFORNIA AS PROVIDED FOR IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS, AND RESTRICTIONS FOR TRACT 53795 COMMUNITY ASSOCIATION RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, CALIFORNIA.

PARCEL 5:

ONE MEMBERSHIP IN TRACT 53795 COMMUNITY ASSOCIATION, A CALIFORNIA NONPROFIT MUTUAL BENEFIT CORPORATION, HERE IN AFTER CALLED THE "ASSOCIATION".

PARCEL 6:

A NON-EXCLUSIVE EASEMENT FOR SUPPORT OVER THAT PORTION OF THE PROJECT NECESSARY FOR THE
PHYSICAL SUPPORT OF THE UNIT DESIGNATED AS INTEREST 2 HEREIN.

4

## 3-DAY NOTICE TO QUIT
(California Code of Civil Procedure Section 1161a)

TO:   Lina Maria Serrano; Jose Carlos Serrano; Isabel Ripalda; Maria Campozano
aka Maria Paez; Alfredo F. Paez; Marco Paez; All Unnamed Occupants

AND ALL OTHERS IN POSSESSION:

YOU AND EACH OF YOU are hereby put on notice that within three (3) days after
service upon you of this NOTICE you are required to quit and deliver up possession of
the real property you occupy at the hereinafter described address to the undersigned, or
KEVIN NEE AND LORA NEE who/which is authorized to receive the same.

This Notice is being given to you under the provisions of Section 1161a of the California
Code of Civil Procedure, in that the subject property has been duly sold in accordance
with Section 2924 of the Civil code, under a power of sale contained in a deed of trust
executed by you or a person under who you claim, and the title under the sale has been
duly perfected.

In the event that you have not vacated and relinquished possession within three (3)
days after service of this Notice upon you, you will be subject to court proceedings in
the form of an Unlawful Detainer proceeding, and will be responsible for all Court costs
as a result of your failure to comply with the terms of this notice.

The premises of which you are required to surrender possession are situated in the City
of CANYON COUNTRY, County of LOS ANGELES, State of California, designated by
the number, street and zip code as 17977 LOST CANYON ROAD, #94, 91387.

Dated:        September 6, 2018

By: _____
        Attorney for Agent/Owner

This correspondence is an attempt to collect a debt and any information obtained shall
be used solely for that purpose.

EXHIBIT 2

# PROOF OF SERVICE

Reference Case: Nee v. Paez; Campozano; 18-4133482

Address: 17977 Lost Canyon Road, Unit 94, Fair Oaks Ranch, CA 91387

I, the undersigned, declare that at the time of service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and that I served the following notice:

☐    NOTICE TO PAY RENT OR QUIT

☐    THIRTY-DAY NOTICE OF TERMINATION OF TENANCY

☒    OTHER:  3 DAY NOTICE TO QUIT

On the following resident(s): Marco Paez; Alfredo F. Paez; Maria Campozano aka Maria Paez; Isabel Ripalda, Juan Carlos Serrano, Lina Maria Serrano; All Unnamed Occupants

On the date of:  September 6, 2018

☐    By DELIVERING PERSONALLY a copy of the Notice to the following resident(s): _____

☐    By LEAVING a copy of the Notice for _____ with _____ being a person of suitable age and discretion, at the residence or usual place of business of the residents, being absent thereof; AND MAILING by first class mail on said date, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope, with postage fully prepaid, addressed to the above-named residents at their place of residence.

☒    By POSTING a copy for each of the above-named residents in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at any known place of residence or business of said residents; AND MAILING by first class mail on the same day as posted, a copy to each resident by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the residents at the place where the property is situated.

I declare under penalty of perjury that the foregoing is true and correct and if called a witness could testify competently,

Executed this date,  September 6, 2018 at _____ Fair Oaks Ranch _____ , California

_____
Declarant's signature

_____ Michael Friedman _____
Print or Type Name

*To be signed only by person who served Notice.

EXHIBIT 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 2:
# GRANT DEED

RECORDING REQUESTED BY:
Premium Title of California, Inc.
WHEN RECORDED, MAIL TAX STATEMENT TO:
Kevin Nee and Lora Nee
2115 Mandeville Cyn
Los Angeles, CA 90049



07/02/2018

*20180659035*

~2~

ASSESSOR'S PARCEL NO: 2841-043-160
ESCROW NO.: CE1302-CA-544823

## GRANT DEED

THIS SPACE FOR RECORDER'S USE ONLY:

THE UNDERSIGNED GRANTOR(S) DECLARE THAT THE DOCUMENTARY TRANSFER TAX IS: $414.15
County, __$0.00_____ City

_X_ computed on full value of property conveyed, or
___ computed on full value less value of liens or encumbrances remaining thereon at the time of sale.
___ unincorporated area
_X_ City of Fair Oaks Ranch

**FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,** Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates Series 2005-OPT2

**HEREBY GRANT(S) to:** Kevin Nee and Lora Nee, Husband and wife, As Joint Tenants

All that real property situated in the City of Fair Oaks Ranch, County of Los Angeles, State of CA, described as:
SEE EXHIBIT "ONE" ATTACHED FOR COMPLETE LEGAL DESCRIPTION

**Commonly Known as:** 17977 Lost Canyon Road, Unit 94, Fair Oaks Ranch, CA 91387

Dated: JUNE 18, 2018

STATE OF          Florida
COUNTY OF        Palm Beach
On   JUNE 18,          2018.before me,
          Rafael Gonzalez
Notary Public, personally appeared

BEDNIDE DURANDISSE   Contract Management Coordinator
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

(Personally Known) ✓   OR Produced Identification ____

Type of Identification Produced_____

I certify under PENALTY OF PERJURY under the laws of the State of Florida that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____   Rafael Gonzalez
          (Notary Public)

Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005-OPT2,By
OCWEN Loan Servicing, LLC as Attorney in Fact
                                              6/18/18

BEDNIDE DURANDISSE
Contract Management Coordinator

POA recorded simultaneously herewith.

(Seal)

Notary Public State of Florida
RAFAEL GONZALEZ
My Commission GG 045659
Expires 11/08/2020

5B

**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

## EXHIBIT ONE

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA,
AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1/24TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO. 53795, IN THE COUNTY
OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1279 PAGES 52 TO 57 INCLUSIVE OF
MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DEFINED AS "COMMON AREA" IN THE
CONDOMINIUM PLAN DESIGNATED AS 'DRE PHASE 6' RECORDED APRIL19, 2004 AS INSTRUMENT NO. 04-
940358 OFFICIAL RECORDS.

EXCEPT THEREFROM THE FOLLOWING: ALL IN AND TO ALL OIL, GAS, PETROLEUM AND OTHER MINERAL OR
HYDROCARBON SUBSTANCES IN AND UNDER THAT PORTION OF SAID LAND LYING BELOW A DEPTH OF 500 FEET
PERPENDICULAR TO EACH POINT ON ANY SURFACE OF SAID LAND WITHOUT THE RIGHT TO ENTER OR
OTHERWISE USE THE SURFACE OF SAID LAND OR THE SUBSURFACE THEREOF TO SAID DEPTH OF 500 FEET, BUT
RESERVING THE RIGHT TO DRILL INTO AND THROUGH THAT PORTION OF THE SUBSURFACE OF SAID LAND LYING
BELOW SAID DEPTH OF 500 FEET FOR THE PURPOSE OF EXPLORING, PROSPECTING, EXTRACTING AND
REMOVING ANY AND ALL OF THE ABOVE-MENTIONED SUBSTANCE FROM A SURFACE LOCATION ON LANDS
OTHER THAN THE LAND HEREIN DESCRIBED.

ALSO EXCEPT THEREFROM UNITS 88 TO 111 INCLUSIVE AND ASSOCIATION PROPERTY AS SHOWN AND DEFINED
ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

(B) UNIT 94, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 2: (2ND FLOOR UNITS)

AN EXCLUSIVE EASEMENT FOR BALCONY PURPOSES OVER THOSE AREAS NUMBERED B94 AS SHOWN AND
DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR GARAGE PURPOSES OVER THOSE AREAS NUMBERED 94/G2 AS SHOWN AND
DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 4:

A NON-EXCLUSIVE EASEMENT FOR INGRESS AND EGRESS OVER THE PRIVATE DRIVES, STREETS AND COMMON
AREA OF THE ABOVE-REFERENCED TRACT MAP, TRACT 53795 IN THE COUNTY OF LOS ANGELES; STATE OF
CALIFORNIA FILED IN THE OFFICE OF THE COUNTY RECORDER OF LOS ANGELES COUNTY, CALIFORNIA AS
PROVIDED FOR IN AND SUBJECT TO THAT CERTAIN DECLARATION OF COVENANTS, CONDITIONS, AND
RESTRICTIONS FOR TRACT 53795 COMMUNITY ASSOCIATION RECORDED IN THE OFFICE OF THE COUNTY
RECORDER OF LOS ANGELES COUNTY, CALIFORNIA.

PARCEL 5:

ONE MEMBERSHIP IN TRACT 53795 COMMUNITY ASSOCIATION, A CALIFORNIA NONPROFIT MUTUAL BENEFIT
CORPORATION, HERE IN AFTER CALLED THE "ASSOCIATION".

PARCEL 6:

A NON-EXCLUSIVE EASEMENT FOR SUPPORT OVER THAT PORTION OF THE PROJECT NECESSARY FOR THE
PHYSICAL SUPPORT OF THE UNIT DESIGNATED AS INTEREST 2 HEREIN.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 3:
# SUBSTITUTION OF TRUSTEE

RECORDING REQUESTED BY

Recording Requested By
Service Link
AND WHEN RECORDED MAIL TO
Fidelity National Title Company
3075 Prospect Park Dr., Ste 100
Rancho Cordova , CA 95670



09/19/2011

*20111268277*

---

Trustee Sale No. 11-01920-5

849448

Space above this line for recorder's use only
Loan No. 0015377567

## SUBSTITUTION OF TRUSTEE
### see attached Affidavit

**WHEREAS**, JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, was the original Trustor, PREMIER TRUST DEED SERVICES, INC., was the original Trustee, and OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, was the original Beneficiary under that certain Deed of Trust dated February, 4, 2005 and Recorded on February 17, 2005, as Instrument No. 05 0365698 of Official Records in the Office of the Recorder of Los Angeles County, California.

**WHEREAS,** the undersigned, the current beneficiary, desires to substitute a new Trustee under said Deed of Trust in place of and instead of said original Trustee, or Successor Trustee. thereunder in the manner in said Deed of Trust provided.

**THEREFORE**, the undersigned hereby substitutes Power Default Services, Inc. whose address is C/O Fidelity National Title Company 3075 Prospect Park Dr., Ste 100, Rancho Cordova, CA 95670, as Trustee under said Deed of Trust.

DATE: _5-26-11_                          Effective Date: September 7, 2011

By: Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005-OPT2 by American Home Mortgage Servicing Inc., as Attorney in Fact

By: _____
Yvette Washington    Assistant Secretary
STATE OF _____ Florida _____)
COUNTY OF _____ Duval _____)

On _5-26-11_, before me, _Brenda L. Frazier_, a Notary Public, personally appeared ____Yvette Washington____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ____ Florida ____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)

NOTARY PUBLIC-STATE OF FLORIDA
Brenda L. Frazier
Commission # DD885641
Expires: APR. 30, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

3

# Fidelity National Title Company

### AFFIDAVIT OF MAILING

T.S. No. 11-01920-5

I declare that I am over the age of 18 years, and that my business address is 3075 Prospect Park Dr., Ste 100, Rancho Cordova, CA 95670.

A copy of the attached Substitution of Trustee was mailed to all those persons required by California Civil Code Section 2924b and in the manner required by Section 2934a[b].

Date: 09/19/2011

Signed: _____

**Rozalyn Tudor**

CP10.5

**NOTICE:** **EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM
IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.**

1. If you live here and you do not complete and submit this form, you may be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. You must file this form within 10 days of the date of service listed in the box on the right hand side of this form.
   - **Exception:** If you are a tenant being evicted after your landlord lost the property to foreclosure, the 10-day deadline does not apply to you and you may file this form at any time before judgment is entered.
3. If you file this form, your claim will be determined in the eviction action against the persons named in the complaint.
4. If you do not file this form, you may be evicted without further hearing.
5. If you are a tenant being evicted due to foreclosure, you have additional rights and should seek legal advice immediately.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address)*:    TELEPHONE NO.:<br><br>Eddie Valencia<br>17977 Lost Canyon Road #94<br>Canyon Country, CA 91387<br><br><br>ATTORNEY FOR *(Name)*.   Pro per | *FOR COURT USE ONLY*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAR 15 2019<br><br>Sherri R. Carter, Executive Officer/Clerk<br>**Lusy Galustyan** |

**NAME OF COURT:** Superior Court of the State of California County of Los Angeles
STREET ADDRESS: 9425 Penfield Ave,
MAILING ADDRESS: Same
CITY AND ZIP CODE: Chatsworth, CA 91311
BRANCH NAME: Chatsworth Judicial District

Plaintiff: Kevin Nee and Lora Nee
Defendant: Lina Maria Serrano; Jose Carlos Serrano; Isabel Ripalda; et. al.,

| | |
|---|---|
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER:<br>18CHUD01658 |
| Complete this form only if ALL of these statements are true:<br>1. You are NOT named in the accompanying Summons and Complaint.<br>2. You occupied the subject premises on or before the date the unlawful detainer (eviction) complaint was filed. (The date is in the accompanying Summons and Complaint.)<br>3. You still occupy the subject premises. | *(To be completed by the process server)*<br>DATE OF SERVICE:<br>*(Date that form is served or delivered, posted, and mailed by the officer or process server)* |

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):* Eddie Valencia
2. I reside at *(street address, unit no., city and ZIP code):*
   17977 Lost Canyon Road #94
   Canyon Country, CA 91387

3. The address of "the premises" subject to this claim is *(address):*

   17977 Lost Canyon Road #94 Canyon Country, CA 91387

4. On *(insert date):*  11/20/2018                      , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises.  *(This date is in the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4)*. I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4)*.

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4)*.

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $              or file with the court an "Application for Waiver of Court Fees and Costs."  I understand that if I don't pay the filing fee or file the form for waiver of court fees, I will not be entitled to make a claim of right to possession.

(Continued on reverse)

| | | |
|---|---|---|
| CP10.5 [Rev. June 15, 2015] | **PREJUDGMENT CLAIM OF RIGHT<br>TO POSSESSION** | Code of Civil Procedure, §§ 415.46,<br>715.010, 715.020, 1174.25 |

CP10.5

| Plaintiff: | CASE NUMBER: |
|---|---|
| Defendant: | |

11. If my landlord lost this property to foreclosure, I understand that I can file this form at any time before judgment is entered, and that I have additional rights and should seek legal advice.

12. I understand that I will have *five days* (excluding court holidays) to file a response to the Summons and Complaint after I file this Prejudgment Claim of Right to Possession form.

> **NOTICE: If you fail to file this claim, you may be evicted without further hearing.**

13. **Rental agreement.** I have *(check all that apply to you)*:

    a. ☐ an oral or written rental agreement with the landlord.

    b. ☐ an oral or written rental agreement with a person other than the landlord.

    c. ☒ an oral or written rental agreement with the former owner who lost the property to foreclosure.

    d. ☐ other *(explain):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

> **WARNING:** Perjury is a felony punishable by imprisonment in the state prison.

Date:  03/15/2019

Eddie Valencia
_____
    (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF CLAIMANT)

> **NOTICE:** If you file this claim to possession, the unlawful detainer action against you will be determined at trial. At trial, you may be found liable for rent, costs, and, in some cases, treble damages.

---

### — NOTICE TO OCCUPANTS —

**YOU MUST ACT AT ONCE if all the following are true:**

1. **You are NOT named in the accompanying Summons and Complaint.**
2. **You occupied the premises on or before the date the unlawful detainer (eviction) complaint was filed.**
3. **You still occupy the premises.**

You can complete and SUBMIT THIS CLAIM FORM WITHIN 10 DAYS from the date of service (on the form) at the court where the unlawful detainer (eviction) complaint was filed. If you are a tenant and your landlord lost the property you occupy through foreclosure, this 10-day deadline does not apply to you. You may file this form at any time before judgment is entered. You should seek legal advice immediately.

If you do not complete and submit this form (and pay a filing fee or file a fee waiver form if you cannot pay the fee), YOU WILL BE EVICTED.

After this form is properly filed, you will be added as a defendant in the unlawful detainer (eviction) action and your right to occupy the premises will be decided by the court. *If you do not file this claim, you may be evicted without a hearing.*

**PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**