UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-1983-MWF (RAOx)         Date: March 20, 2019
Title:    Kevin Nee, et al. v. Lina Maria Serrano, et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**     ORDER REMANDING ACTION TO STATE COURT

On November 20, 2018, Plaintiffs Kevin and Lora Nee filed a Complaint for Unlawful Detainer against Defendants in the Los Angeles County Superior Court. (Notice of Removal, Ex. 1 (Docket No. 1)). Pro se Defendant Eddie Valencia removed the action to this Court on March 18, 2019. (*Id.*).

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'") (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002)).

The Court cannot properly assert jurisdiction over this action because the matter does not arise under federal law. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-1983-MWF (RAOx)                    Date:  March 20, 2019
Title:     Kevin Nee, et al. v. Lina Maria Serrano, et al.

Defendant alleges that jurisdiction exists under 28 U.S.C. § 1443(1). Defendant alleges, among other things, that California Superior Courts "operate based on an institutionalized predetermination of the outcome [sic] reflect a pervasive state statutory program expressly designed to deny Foreign-surname Defendants . . . their equal constitutional rights to equal access to the Courts and to make and enforce contracts for the maintenance of interest in property[.]" (Notice of Removal at 5). Specifically, Defendant alleges that "[t]he Los Angeles County Sheriff's Department Notices are always in English, never bilingual, and so do not acknowledge the large Ethnic/Diversity-cultured and Hispanic speaking people of Los Angeles County." (*Id.*). Defendant alleges that he "was not served with process and that applicable California laws allow no objections to due process complaints of this kind, and by their exclusive use of the English language, create an environment in which denial of notice to Hispanics is . . . fostered and encouraged[.]" (*Id.* at 8). Defendant further alleges that "the California Civil Code procedures authorizing non-judicial foreclosures and judicial evictions violate 42 U.S.C. §§ 1981-1982, so that Defendant has a right to remove on the basis that there is a pervasive state statutory program which . . . discriminates unfairly against Ethnic-Surname Americans[.]" (*Id.* at 6).

"[T]he ground for removal [under section 1443(1)] is both specific and extremely narrow." *JP Morgan Chase Bank, NA v. Reznik*, No. CV15-06590 RGK (AJWx), 2015 WL 5156442, at *2 (C.D. Cal. Sept. 1, 2015) (quoting *Davis v. Superior Court of State of Cal.*, 464 F.2d 1272, 1273 (9th Cir. 1972). Attempts to use section 1443(1) as a basis for removal of unlawful detainer actions have been repeatedly rejected by the district courts in California. *See, e.g., Deo v. Guzman*, No. 2:15-cv-02044-TLN-DAD, 2015 WL 6123735 (E.D. Cal. Oct. 16, 2015); *Bank of America, N.A. v. Amil,* No. C12-05522 LB, 2013 WL 1283444, at *3 (N.D. Cal. Feb. 1, 2013); *HSBC Bank USA v. Cabal*, No. 10-cv-1621 WQH (POR), 2010 WL 3769092 (S.D. Cal. Sept. 21, 2010). A petition for removal under 28 U.S.C. §1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788-92 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal []civil rights. . . . Second, petitioners must assert that the state courts will not enforce that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-1983-MWF (RAOx)				Date:  March 20, 2019
Title:     Kevin Nee, et al. v. Lina Maria Serrano, et al.

right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).

As to the first prong, Defendant refers to a variety of federal statutes and constitutional provisions. Assuming *arguendo* this satisfies the requirement of "explicit statutory enactment protecting equal racial civil rights," the Notice of Removal does not meet the second prong. Defendant fails to identify any California statute or constitutional provision that commands California courts to ignore their federal rights. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (case remanded where defendants "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor . . . to anything that suggests that the state court would not enforce their civil rights in state court proceedings."). Defendant's "recitation of broad constitutional legal theories is simply insufficient to show that he has been (or will be) denied any civil right by reason of the unlawful detainer action proceeding against him in the Superior Court." *Ghaemmaghami v. Diaz*, No. 15CV0732 JM(BGS), 2015 U.S. Dist. LEXIS 48382, at *5 (S.D. Cal. Apr. 13, 2015).

Finally, to the extent Defendant seeks to assert other federal civil rights claims via counterclaims, that does not create federal question jurisdiction because no federal question is presented on the face of Plaintiffs' Complaint.

Defendant also alleges that this Court has diversity jurisdiction over the action, but the Complaint expressly alleges that the amount demanded does not exceed $10,000, and Defendant appears to be an in-state resident. (*See* Notice of Removal at 3).

Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.